**Alonso Anibal Segovia LARA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70133.

INS No. A70–116–154.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2001 *.

Decided May 24, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Alonso Anibal Segovia Lara ("Segovia"), a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal from a decision of the Immigration Judge ("IJ"). We deny the petition.[1] We also deny Segovia's motion to remand to the BIA.

The IJ denied Segovia's application for asylum and withholding of deportation on the basis that he failed to establish past persecution or a well-founded fear of future persecution on account of his political opinion. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b), 1253(h). The IJ's finding is supported by substantial evidence.[2] *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) (requiring, under the substantial evidence standard, affirmance of the BIA unless the evidence compels reversal). There is no evidence that Segovia expressed a political opinion to the guerillas, or that they imputed a political opinion to him. "[A]bsent evidence of discrimina-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. Because deportation proceedings were commenced prior to April 1, 1997, and the final order of deportation was entered after Octo-

ber 30, 1996, we have jurisdiction pursuant to 8 U.S.C. § 1105a, as amended by § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000).

2. Where, as here, the BIA expressly adopts the findings and reasoning of the IJ, we review the decision of the IJ as if it were that of the BIA. *Al–Harbi v. INS*, 242 F.3d 882, 887 (9th Cir.2001).

tory purpose, a guerilla organization's attempts to force a person to join them is insufficient to compel a finding of persecution on account of political belief." *Id.* at 1151. Because Segovia has not established eligibility for asylum, he necessarily fails to establish eligibility for withholding of deportation. *Id.* at 1150.

PETITION FOR REVIEW DENIED.[3]

3. Segovia has also filed a motion to remand his case to the BIA so that he may pursue possible relief under the recently-designated Temporary Protected Status ("TPS") program for El Salvador. *See* 66 Fed.Reg. 14214 (Mar. 9, 2001). The TPS program, however, is just that—temporary. It has no effect on whether Segovia is entitled to asylum, as he claims in this proceeding, and, according to the INS, TPS relief can be pursued independently of this petition for review. The motion is, therefore, denied.

